IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE: MINH VU HOANG and      :
THAN HOANG
_____ :

MINH VU HOANG                 :
        Appellant             :

        v.                    :    Civil Action No. DKC 11-3431

GARY A. ROSEN, et al.         :
        Appellees
                              :

**MEMORANDUM OPINION AND ORDER**

On July 11, 2011, United States Bankruptcy Judge Thomas J. Catliota entered an order in the main bankruptcy case of Appellant Minh Vu Hoang authorizing the employment of six business entities as forensic accountants for the bankruptcy estate. (ECF No. 1-2). Appellant filed a timely motion for reconsideration of this order pursuant to Federal Rule of Civil Procedure 59(e), which is made applicable to bankruptcy cases by Rule 9023 of the Federal Rules of Bankruptcy Procedure. (ECF No. 4-41). Judge Catliota denied Appellant's motion by an order entered November 4 (ECF No. 4-43), and Appellant noted a timely appeal on November 9 (ECF No. 1).

The notice of appeal was transmitted to this court on November 29, 2011. The following day, the clerk sent correspondence to the parties setting a briefing schedule. (ECF No. 2). Later on the same date, the court issued an order

striking the briefing schedule and directing Appellant to show cause within fourteen days as to why her appeal should not be dismissed due to her failure (1) either to pay the filing fee associated with the appeal or to move for *in forma pauperis* relief, and (2) to file and serve on Appellees Gary A. Rosen and Roger Schlossberg a designation of the items to be included in the record on appeal and a statement of the issues to be presented, as required by Fed.R.Bankr.P. 8006.

On December 1, Appellant filed a statement of issues and designated the appellate record (ECF No. 4); she filed a supplemental designation on December 6 (ECF No. 5). In a response to the show cause order, filed December 12, Appellant asserted that she had filed a motion for leave to proceed on appeal *in forma pauperis*, citing a November 21 docket entry in an adversary proceeding. (ECF No. 7). The bankruptcy docket reveals that she moved for *in forma pauperis* relief in the main bankruptcy case on that date. (Bankr. Case No. 05-21078, ECF No. 1899). Although this motion was never transmitted to this court, Appellant is entitled to proceed *in forma pauperis* for the reasons stated in an order granting such relief in four other appeals arising from an adversary proceeding. (*See id*. at ECF No. 1943).

Because the bankruptcy court's order employing the forensic accountants is clearly interlocutory in nature, however,

Appellant could appeal from it only upon obtaining leave of the court. *See* 28 U.S.C. § 158(a)(3). Although Appellant has not formally requested leave to appeal in this case, her timely-filed notice of appeal – as well as her brief, filed December 12 (ECF No. 8) – will be deemed a motion for leave to appeal pursuant to Fed.R.Bankr.P. 8003(c). *See In re Swann Ltd. Partnership*, 128 B.R. 138, 139-40 (D.Md. 1991); *In re Rood*, Civil Action No. DKC 10-2651, 2010 WL 4923336, at *4 (D.Md. Nov. 29, 2010).

The relevant standard for considering a motion for leave to appeal from an order of the bankruptcy court was set forth in *KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., Inc.*, 250 B.R. 74, 78 (E.D.Va. 2000):

> In seeking leave to appeal an interlocutory order or decision [of a bankruptcy court], the appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." [*Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978)] (citing *Fisons, Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972)). When deciding whether to grant leave to appeal an interlocutory order or decree of a bankruptcy court, the district court may employ an analysis similar to that applied when certifying interlocutory review by the circuit court of appeals under 28 U.S.C. § 1292(b). *Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652, 653 (E.D.Va. 1996) (citations omitted). Under this analysis,

> Leave to file an interlocutory appeal
> should be granted only when 1) the
> order involves a controlling question
> of law, 2) as to which there is
> substantial ground for a difference
> of opinion, and 3) immediate appeal
> would materially advance the
> termination of the litigation.

*Id*. (citations omitted).

If any one of these three elements is unsatisfied, leave to appeal cannot be granted. *See KPMG Peat Marwick, L.L.P.*, 250 B.R. at 79; *In re Air Cargo, Inc.*, Civ. No. CCB-08-587, 2008 WL 2415039, at *3 (D.Md. June 11, 2008); *see also In re Rood*, 2010 WL 4923336, at *4.

While Appellant has not addressed these factors in her notice of appeal or appellate brief, the order from which she seeks to appeal does not involve a controlling question of law. An order involves a controlling question of law when reversal of the bankruptcy court's order would be dispositive of the case as either a legal or practical matter and determination of the issue on appeal will materially affect the outcome. *See In re Travelstead*, 250 B.R. 862, 865-66 (D.Md. 2000); *see also Fannin v. CSX Trans., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *5 (4th Cir. 1989) (Table). Here, reversal of the bankruptcy court's order employing the forensic accountants would not terminate the action; indeed, it would be likely to delay termination, as accountants are unfortunately necessary in the bankruptcy case

to locate and attempt to recover significant assets placed by Appellant in the hands of a large number of third party business entities. Because the first element of the analysis set forth in *KPMG Peat Marwick, L.L.P.*, is not present, the remaining two are essentially moot.

Accordingly, it is this 14th day of December, 2011, by the United States District Court for the District of Maryland, ORDERED that:

1.   Appellant Minh Vu Hoang's motion to proceed on appeal *in forma pauperis* (Bankr. Case No. 05-21078, ECF No. 1899) BE, and the same hereby IS, GRANTED;

2.   Appellant's notice of appeal (ECF No. 1) and appellate brief (ECF No. 8) are construed as a motion for leave to appeal from an interlocutory order and, so construed, such motion BE, and the same hereby IS, DENIED;

3.   Appellant's appeal BE, and the same hereby IS, DISMISSED; and

4.   The clerk is directed to transmit a copy of this Memorandum Opinion and Order directly to Appellant and Appellees and CLOSE this case.


                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge